ROBERT WISE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10697, 21286.   Promulgated May 13, 1929.

*Virgil Y. Moore, Esq.,* and *Andrew T. Smith Esq.,* for the petitioner.

*James L. Backstrom, Esq.,* for the respondent.

OPINION.

Van Fossan : The condition precedent to the assessment of income and profits taxes under sections 327 and 328 of the Revenue Acts of 1918 and 1921 is the existence of abnormal conditions affecting petitioner's capital or income, resulting in an exceptional hardship evidenced by gross disproportion between the tax computed under section 328 and the tax computed without the benefit of sections 327 and 328. Simply defined, " abnormal " connotes departure from the normal. In attempting to establish the fact of an abnormal condition a double burden rests on petitioner. He must prove the fact of his own situation, and, unless upon such proof the abnormality is self-evident, he must submit evidence of what constitutes a normal condition.

In the instant case we find no proof whatever of the normal condition of capital and income in the industry. We must, therefore, examine the picture presented to ascertain if the abnormality is self-evident.

Petitioner began operations in 1910 and experienced a small loss during its first year. During the second year a strike on the part of its employees interrupted to some extent its orderly production. Consequent on the strike larger losses were suffered during 1911 and 1912. The following three years showed small net profits and in 1916 a comparatively large profit. By 1917 the losses of former years had been wiped out and the company was on a profitable basis. There is nothing in this history that would mark the experience of the petitioner as exceptional or that bears any pronounced relation to the taxable years.

In 1918, anticipating a rising market, petitioner providently bought a large stock of raw materials, using principally borrowed money to finance the purchase. The materials were manufactured into shoes and sold during the high-price period of 1919 and 1920, resulting in a large profit. That petitioner's foresight as thus rewarded is not,

of itself, a ground of special assessment. The statute expressly provides that section 327 shall not apply merely because petitioner has earned a high rate of profit on a normal invested capital.

Petitioner pins its faith in the fact that it used a large amount of borrowed capital to purchase the raw materials. This condition is not shown to be abnormal. Some industries exist largely on borrowed capital. Nor does the evidence establish that petitioner's income was, during the taxable years, produced by this borrowed money. During the 1919 period petitioner's actual invested capital was $236,753.61, its average inventory was $325,617.85 and its average notes payable $211,425.45, while its income for the three-month period was $55,837.18. During 1920 its invested capital was $265,-672.58, its average inventory $216,748.50 and its average notes payable $78,097.61, while its net income was $191,225.52. We have no figures as to its inventory or notes payable for 1921 and know only that with an increased invested capital of $330,769.25 its net income was $73,691.75.

Looking at this composite of figures we are unable to determine what, if any, causal relation existed between the several elements or what percentage of income was due to borrowed capital. This is something that should have been demonstrated by petitioner's evidence. We can not supply evidentiary deficiencies by inference or conjecture.

The fact that the percentage of raw materials to net sales varies from 70.83 in 1918 to 28.80 in 1920 does not necessarily demonstrate the accuracy of petitioner's contention. To speculate as to the many factors that may have influenced this ratio would be idle. Certainly the conclusion that an abnormality existed in petitioner's capital or income is not self-evident on the mere statement of the ratio.

We are of the opinion that petitioner has not proven the existence of an abnormal condition affecting its capital or income.

*Judgment will be entered for the respondent.*